UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                 Case No.

BALDWIN PATTIE DRUG STORE, LLC,             Hon.
and MATTHEW D. KRAWCZAK,

    Defendants.
_____/

## CONSENT DECREE

Plaintiff United States of America (the "United States") filed a Complaint seeking an injunction and civil penalties (the "Complaint"), alleging that Defendant Baldwin Pattie Drug Store, LLC, and Defendant Matthew D. Krawczak violated the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.* (the "CSA"), that the United States is entitled to injunctive relief against Defendants, and that Defendants are liable to the United States for civil monetary penalties for their CSA violations. The Parties stipulate to the entry of this Consent Decree to resolve the disputed matters the United States asserts in the Complaint, with the following terms and provisions.

## The Parties

A.    Plaintiff is the United States of America.

B.    Defendant Baldwin Pattie Drug Store, LLC ("Pattie Drug") is a pharmacy located at 868 Michigan Avenue, Baldwin, Michigan 49304. Pattie Drug is registered with the DEA as a retail pharmacy (No. FB2334352).

C.  Defendant Matthew D. Krawczak ("Krawczak") is a resident of Lake County, Michigan, and is the owner and pharmacist in charge of Defendant Pattie Drug.

### Recitals

D.  In the Complaint, the United States alleges that Defendants violated the CSA. *First*, the United States alleges that, from 2018 through 2021, Defendants unlawfully dispensed controlled substances in violation of their corresponding responsibility to only dispense controlled substances pursuant to a prescription issued for a legitimate medical purpose and in the usual course of professional practice, in violation of 21 U.S.C. §§ 829 and 842(a)(1), and 21 C.F.R. § 1306.04(a), and that Defendants are liable to the United States for each violation under 21 U.S.C. § 842(c)(1)(A) and 28 C.F.R. § 85.5 (**Count I**).  *Second*, the United States alleges that, from May 1, 2022, through December 6, 2022, Defendants failed to maintain accurate dispensing records and records of receipt of distributions of controlled substances, in violation of 21 U.S.C. §§ 827(a)(3) and 842(a)(5), and 21 C.F.R. §§ 1305.17 and 1304.22(c), and that Defendants are liable to the United States for each violation under 21 U.S.C. § 842(c)(1)(B)(i) and 28 C.F.R. § 85.5 (**Count II**).  *Third*, the United States alleges that, from December 1, 2018, through December 6, 2022, Defendants failed to provide annual certification of employee training involving the sale of scheduled listed chemical products in violation of 21 U.S.C. §§ 830(e)(vii) and 842(a)(10), and 21 C.F.R. § 1314.40, and that Defendants are liable to the United States for each violation under 21 U.S.C. § 842(c)(1)(B)(i) and 28 C.F.R. § 85.5 (**Count**

**III**).  *Fourth*, the United States alleges that, as a result of the violations described in this paragraph, the United States is entitled to injunctive relief under 21 U.S.C. §§ 843(f), and 882(a) (**Count IV**).  The conduct described in this paragraph is referred to as the "Covered Conduct."

  E. This stipulated Consent Decree is neither an admission of liability by Defendants nor a concession by the United States that its claims are not well founded.

  F. On March 10, 2020, Pattie Drug filed a voluntary petition for Chapter 11 bankruptcy (the "Bankruptcy Action").  *See In re Baldwin Pattie Drug Store, LLC*, No. 1:20-bk-1025 (Bankr. W.D. Mich.).  Pattie Drug is currently under a payment plan.

  G. Krawczak, the owner of Pattie Drug, has also entered into a letter of intent to sell Pattie Drug and its assets to a third-party purchaser (the "Purchaser"), and Defendants have identified the Purchaser to the United States.  This sale is expected to take place no later than March 31, 2024.  For purposes of this Consent Decree, March 31, 2024, shall constitute the "Sale Deadline," unless the Parties agree to a different date pursuant to Paragraph 15 below.

  H. The Parties recognize that permitting time for the sale of Pattie Drug allows for Pattie Drug to pay its creditors under its bankruptcy payment plan in the Bankruptcy Action and allows for the continued provision of essential pharmacy services in Lake County.

I.  To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, the Parties reach a full and final settlement as set forth below:

## Terms and Conditions

NOW, THEREFORE, before the taking of any testimony, without the admission of any issue of fact or law, in consideration of the mutual promises, covenants, and obligations set forth below, and for good and valuable consideration as stated here, the Parties agree as follows, and IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

### *Jurisdiction and Venue*

1. The Court has jurisdiction pursuant to 21 U.S.C. §§ 842(c)(1), 843(f)(2), and 882(a), and 28 U.S.C. §§ 1331, 1345, and 1355(a).

2. Venue is appropriate in this District pursuant to 21 U.S.C. § 843(f)(2) and 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), and 1395(a).

3. The Complaint states a claim upon which relief can be granted.

4. The Parties recognize, and the Court by entry of this Consent Decree finds, that this Consent Decree has been negotiated by the Parties and that this Consent Decree is fair, reasonable, and in the public interest.

### *Civil Monetary Penalty*

5. Within fifteen (15) business days of entry of this Consent Decree, Defendants shall pay the United States TEN THOUSAND DOLLARS ($10,000.00). If Krawczak sells Pattie Drug by July 1, 2024, he shall pay the United States an

4

additional TWENTY THOUSAND DOLLARS ($20,000.00) within thirty (30) days of such sale. All payments to the United States under this paragraph (the "Settlement Amount") shall be made by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Western District of Michigan.

### *Injunctive Provisions*

6. <u>Dispensing</u>. Upon entry of this Consent Decree, Defendants are permanently restrained and enjoined from directly or indirectly dispensing, assisting in the dispensing, or otherwise facilitating the dispensing of any controlled substance as defined in the CSA or its implementing regulations found at 21 C.F.R. parts 1300-1399 (the "Implementing Regulations"), unless dispensing the controlled substance is in compliance with 21 U.S.C. § 842, 21 C.F.R. §§ 1306.04, 1306.06, and any of the Michigan statutes and regulations pertaining to the dispensing of controlled substances.

7. <u>Recordkeeping</u>. Defendants shall make, keep, and furnish any record, report, notification, declaration, order or order form, statement, invoice, or information required under the CSA and the Implementing Regulations.

8. <u>Surrender of Defendant Pattie Drug's Certificate of Registration</u>. Pattie Drug shall surrender its Drug Enforcement Administration ("DEA") Certificate of Registration, No. FB2334352, by executing a DEA Form-104 and providing that executed form to the United States. Pattie Drug understands that by executing the DEA Form-104, it is surrendering for cause its DEA Certificate of Registration, and

it is no longer authorized to order, manufacture, distribute, possess, dispense, administer, prescribe, or engage in any other activities with controlled substances or list I chemicals.  In the event that the sale of Pattie Drug referenced in Paragraph G is finalized, Pattie Drug shall surrender its DEA registration within seven (7) business days of the purchase unless it provides proof to the United States that the Purchaser has submitted an application to DEA for its own certificate of registration as a pharmacy.  If Pattie Drug provides such timely notice to United States, it shall surrender its certificate of registration within one (1) business day of DEA granting or denying the Purchaser's application.  If the sale referenced in Paragraph G is not finalized by the Sale Deadline, then Pattie Drug must surrender its DEA registration immediately.

9. <u>Permanent Restriction as to Pattie Drug</u>.  Effective on the Sale Deadline or July 1, 2024, whichever comes first, Pattie Drug is hereby permanently restrained and enjoined from directly or indirectly administering, delivering, dispensing, or distributing any controlled substance.

10. <u>Restriction as to Krawczak</u>.  Effective on the Sale Deadline or July 1, 2024, whichever comes first, and for a period of ten (10) years thereafter, Krawczak is hereby restrained and enjoined from directly or indirectly administering, delivering, dispensing, or distributing any controlled substance in a pharmacy setting unless that pharmacy also employs, either as an employee or independent contractor, another individual who serves as the pharmacist in charge of that pharmacy and Krawczak is working under the supervision of that pharmacist in charge.  For

purposes of this Consent Decree, "working under the supervision" of another pharmacist in charge shall not require direct or onsite supervision, but does mean that the pharmacy employs another pharmacist in charge and that Defendant Krawczak shall report to that pharmacist in charge.

11. Noncompliance by Krawczak. If, at any time within ten (10) years of entry of this Consent Decree, the DEA determines that Krawczak has failed to comply with any provision of this Decree, DEA may, as and when it deems necessary, notify Krawczak in writing of the noncompliance and order Krawczak to take corrective action, including, but not limited to, ordering Krawczak to permanently cease ordering, distributing, or dispensing controlled substances in any capacity. This remedy shall be separate and apart from, and in addition to, any other remedy available to the United States under this Consent Decree or under the law, including additional civil monetary penalties. The following process and procedures apply when the DEA issues an order under this paragraph:

    a. Krawczak will implement the corrective action ordered by DEA without delay.

    b. If Krawczak notifies and provides reasons to DEA that he does not agree with any DEA order under this paragraph, DEA will review his notification and reasons and within thirty (30) days thereafter, in writing, affirm, modify, or withdraw its order, as DEA deems appropriate. If DEA affirms or modifies its order, it will explain the basis for its decision in writing. This notification shall constitute final agency action.

    c. If DEA affirms or modifies its order, Krawczak may, within twenty-eight (28) calendar days, seek judicial review of the DEA's order in this Court. Krawczak shall continue to diligently implement DEA's order while judicial review is pending unless and until the Court or any higher court reverses, stays, or modifies DEA's order.

    d. All decisions conferred upon DEA in this paragraph shall be vested in DEA's discretion and, to the extent that these decisions are subject to review, shall be reviewed by the Court under the arbitrary and capricious standard set forth in 5 U.S.C. § 706(2)(A). Review by the Court of any DEA decision rendered pursuant to this paragraph shall be based exclusively on the written record before DEA at the time the decision was made. No discovery shall be taken by any party.

  12. <u>Meaning of Terms</u>. The meanings of the terms used in Paragraphs 6 through 11 have the meanings defined in 21 U.S.C. § 802.

  13. <u>Contempt</u>. Should the United States bring and prevail in a contempt action to enforce the terms of this Consent Decree, Defendants shall, in addition to other remedies, reimburse the United States for its attorneys' fees (including overhead), travel expenses incurred by attorneys and witnesses, investigational and analytical expenses, expert witness fees, administrative and court costs, and any other costs or fees incurred by the United States in bringing such an action.

  14. Defendants' obligations under this Consent Decree shall be in addition to, and not in derogation of, all requirements imposed on them under all applicable

8

federal, state, and local laws, including the requirements set forth in the CSA and the Implementing Regulations.

### *Other Terms*

15. Upon a showing of good cause by Defendants, the Parties may agree to an extension of the Sale Deadline from March 31, 2024, up to and including June 30, 2024. Such agreement must be in writing, and the Parties must jointly notify the Court's chambers of any such agreement. For purposes of this paragraph, "good cause" requires that Defendants provide the United States (1) written evidence that it has paid its outstanding debts to its creditors in the Bankruptcy Action, (2) concurrent written confirmation from the Purchaser that it intends to proceed with the purchase, and (3) an affidavit by Defendant Krawczak stating (i) the reason(s) why more time to complete the purchase is necessary and (ii) how much time is needed. Upon a showing of good cause, the United States shall agree to an extension of the Sale Deadline consistent with the stated time needed in the affidavit, except that the Sale Deadline shall not be extended under any circumstances past June 30, 2024.

16. Subject to the exceptions in Paragraph 17 (concerning reserved claims) below, and subject to Paragraph 18 (concerning disclosure of assets) and Defendants' compliance with the terms in Paragraphs 6, 7, 8, 9, 10, and 11, and upon the United States' receipt of all payments due under Paragraph 5, the United States releases Defendants from any civil monetary claims and civil injunctive claims the United

States has for the Covered Conduct under the Controlled Substances Act, 21 U.S.C. §§ 801-904.

17. Notwithstanding the releases given in Paragraph 16 of this Consent Decree, or any other term of this Consent Decree, the following claims and rights of the United States are specifically reserved and are not released:

    a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

    b. Any criminal liability;

    c. Except as explicitly stated in this Agreement, any administrative liability or enforcement right, including the suspension and debarment rights of any federal agency;

    d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

    e. Any liability based upon obligations created by this Agreement; and

    f. Any liability of individuals other than Defendant Matthew Krawczak.

18. Defendants have provided sworn financial disclosures and supporting documents (together "Financial Disclosures") to the United States, and the United States has relied on the accuracy and completeness of those Financial Disclosures in stipulating to this Consent Decree. Defendants warrant that the Financial Disclosures are complete, accurate, and current as of the date the Parties sign the

stipulated Consent Decree. If the United States learns of asset(s) in which Defendants had an interest of any kind as of the date the Parties sign the stipulated Consent Decree (including, but not limited to, promises by insurers or other third parties to satisfy Defendants' obligations under this Consent Decree) that were not disclosed in the Financial Disclosures, or if the United States learns of any false statement or misrepresentation by Defendants relating to the Financial Disclosures, and if such nondisclosure, false statement, or misrepresentation changes the estimated net worth set forth in the Financial Disclosures by $50,000.00 or more, the United States may at its option collect the full Settlement Amount in accordance with the Agreement plus one hundred percent (100%) of the net value of Defendants' previously undisclosed assets.

19. Defendants waive and shall not assert any defenses Defendants may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Consent Decree bars a remedy sought in such criminal prosecution or administrative action.

20. Defendants fully and finally release the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Defendants have asserted, could have asserted, or may assert in the future against the United States,

its agencies, officers, agents, employees, and servants, related to the Covered Conduct or the United States' investigation or prosecution thereof.

21. This Consent Decree is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity.

22. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Consent Decree.

23. Each Party and signatory to this Consent Decree represents that it freely and voluntarily enters into this Consent Decree without any degree of duress or compulsion.

24. This Consent Decree is governed by the laws of the United States. The exclusive venue for any dispute relating to this Consent Decree is the United States District Court for the Western District of Michigan.

25. This Consent Decree constitutes the complete agreement between the Parties. This Consent Decree may not be amended except by written consent of the Parties and order by the Court. Forbearance by the United States from pursuing any remedy or relief available to it under this Consent Decree shall not constitute a waiver of rights under this Consent Decree.

26. The undersigned counsel represent and warrant that they are fully authorized to execute this Consent Decree on behalf of the persons and entities indicated below.

27. This Consent Decree is binding on Defendants' successors, transferees, heirs, and assigns.

28. All Parties consent to the United States' disclosure of this Consent Decree, and information about this Consent Decree, to the public.

29. The Court shall retain jurisdiction over this matter for purposes of enforcing the Consent Decree.

30. The Parties may execute this Consent Decree in counterparts.

**IT IS SO ORDERED.**

DATED: _____

U.S. District Judge

The Parties hereby apply for and consent to the entry of this Consent Judgment.

**FOR THE UNITED STATES OF AMERICA**

                                  MARK A. TOTTEN
                                  United States Attorney

DATED: 1/26/2024      BY:  /s/ Andrew J. Hull
                                  ANDREW J. HULL
                                  Assistant United States Attorneys
                                  U.S. Attorney's Office for the
                                  Western District of Michigan

**FOR DEFENDANT BALDWIN PATTIE DRUG, LLC**

DATED: 1/26/24       BY:  _[signature]_
                                  MATTHEW KRAWCZAK
                                  Owner

DATED: 1/26/24       BY:  _[signature]_
                                  JUAN SANTOS, LL.M.
                                  Chapman Law Group

                                  Counsel for Baldwin Pattie Drug, LLC

**FOR DEFENDANT MATTHEW KRAWCZAK**

DATED: 1/26/24       BY:  _[signature]_
                                  MATTHEW KRAWCZAK

DATED: 1/26/24       BY:  _[signature]_
                                  JUAN SANTOS, LL.M.
                                  Chapman Law Group

                                  Counsel for Matthew Krawczak